IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:09-cv-1438 |
| ) | |
| ENVIRONMENTAL PLASTICS OF ) | |
| PUERTO RICO, INC. ) | |
| HC 71 Box 7605 ) | |
| Cayey, PR 00736 ) | |
| ) | |
| RIO ABAJO MANAGEMENT ) | |
| CONSTRUCTION AND ) | |
| DEVELOPMENT CO. ) | |
| SERVE: FILIBERTO CASTRODAD-QUILES ) | |
| P.O. BOX 1804 ) | |
| Cidra, PR 00739 ) | |
| ) | |
| JOHN DOE ) | |
| ) | |
| Defendants. ) | |

COMPLAINT

The United States of America by and through its undersigned counsel complains as follows:

1. This is a civil action in which the United States seeks to reduce to judgment federal employment and unemployment taxes, penalties, and interest assessments against Environmental Plastics of Puerto Rico, Inc. ("Environmental Plastics") and to foreclose related federal tax liens against real property located in Cayey, Puerto Rico,

3830178.1

known informally as Road 1, km 49.2, Barrio Beatriz ("Real Property). A legal description of the real property, in the English language, is as follows:

> RURAL: Lot situated in Barrio Beatriz of the municipality of Cidra, Puerto Rico, measuring THREE POINT THREE THOUSAND FOUR HUNDRED FOURTEEN ACRES (3.3414 acres), equivalent to TWELVE THOUSAND SEVEN HUNDRED THIRTY-NINE POINT NINE THOUSAND NINE HUNDRED EIGHTY-SIX SQUARE METERS (12,739.9986 sq. m.); with a boundary by the NORTH, with seven alienations adding up to one hundred fifty-four point zero thirty-eight meters (154.038 meters) with an area of the principal lot, to be dedicated to public use for the construction of an access road; by the SOUTH, in only one alienation, with a lot pertaining to Federico Delgado; by the EAST, in seven alienations adding up to one hundred five point six hundred seventy-seven meters (105.677 meters) with a lot pertaining to Camelia Lizardi; by the WEST, in two alienations adding up to fifty-one point fifty-eight meters (51.58 meters) with lot of point fifteen acres (0.15) for public use and in four alienations adding up to ninety-nine point one hundred twenty-seven meters (99.127 meters) with lot for public use.
>
> On this lot there is a one story concrete and concrete clocks structure with reinforced roof, and a basement. It is registered on Page 259, Book 295 of Cidra Municipality, Property Number 11,531, Registry of Deeds, Caguas, Section II, Caguas, Puerto Rico.

## JURISDICTION AND VENUE

2. The Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, authorized and requested this action, and it is brought at the direction of the Attorney General of the United States under the authority of 26 U.S.C. §§ 7401 and 7403.

3. Jurisdiction of this action is conferred on the Court by 28 U.S.C. §§ 1340 and 1345 and by 26 U.S.C. §§ 7402 and 7403.

4. Venue is proper in this action by virtue of 28 U.S.C. § 1396.

## PARTIES

5. Plaintiff is the United States of America.

6. Defendant Environmental Plastics was a corporation authorized to do business in the Commonwealth of Puerto Rico at the time the tax liabilities at issue were incurred.

7. Defendant Rio Abajo Management Construction & Development Corp. may claim an interest in the Real Property.

8. Defendant John Doe is the holder of the note secured by the Real Property, filed on the Registry of Deeds, Caguas, Section II, Caguas, Puerto Rico on February 3, 2009.

## COUNT I - REDUCE TAX RELATED ASSESSMENTS TO JUDGMENT–ENVIRONMENTAL PLASTICS

9. The United States incorporates by reference the allegations set forth in paragraphs 1 through 8 above.

10. A delegate of the Secretary of the Treasury of the United States made various assessments for employment taxes, penalties and interest against Environmental Plastics for the third and fourth quarters of 1994, all quarters of 1995, the first and second quarters of 1996, the third and fourth quarters of 1998 and all quarters of 1999, and unemployment taxes for tax years 1994, 1995, 1998 and 1999, on various dates. The initial assessment dates and unpaid assessed balances are:

| Tax Liability | Assessment Date(s) | Unpaid Assessed Balance |
|---|---|---|
| Form 941, Third Quarter 1994 | July 31, 2000<br>September 4, 2000<br>January 15, 2001 | $11,329.91 |
| Form 941, Fourth Quarter 1994 | June 14, 1999<br>July 19, 1999 | $29,873.52 |
| Form 941, First Quarter 1995 | May 24, 1999<br>June 28, 1999 | $27,091.18 |
| Form 941, Second Quarter 1995 | June 14, 1999<br>July 19, 1999<br>August 3, 1999 | $32,105.82 |
| Form 941, Third Quarter 1995 | May 24, 1999<br>June 28, 1999 | $35,373.68 |
| Form 941, Fourth Quarter 1995 | May 24, 1999<br>June 28, 1999 | $27,079.83 |
| Form 941, First Quarter 1996 | May 17, 1999<br>June 21, 1999 | $21,909.44 |
| Form 941, Second Quarter 1996 | May 17, 1999<br>June 21, 1999 | $14,408.56 |
| Form 941, Third Quarter 1998 | July 24, 2000<br>August 28, 2000<br>November 26, 2001 | $23,449.87 |
| Form 941, Fourth Quarter 1998 | July 24, 2000<br>August 28, 2000<br>December 25, 2000 | $20,825.23 |
| Form 941, First Quarter 1999 | July 24, 2000<br>August 28, 2000 | $14,808.93 |
| Form 941, Second Quarter 1999 | July 24, 2000<br>August 28, 2000 | $18,215.66 |
| Form 941, Third Quarter 1999 | July 24, 2000<br>August 28, 2000 | $16,361.72 |
| Form 941, Fourth Quarter 1999 | July 24, 2000<br>August 28, 2000 | $3,158.42 |

| Form 940, 1994 | August 21, 2000<br>September 25, 2000 | $15,605.06 |
| Form 940, 1995 | August 7, 2000<br>September 11, 2000 | $53,456.90 |
| Form 940, 1998 | July 31, 2000<br>September 4, 2000<br>January 29, 2001 | $5,385.48 |
| Form 940, 1999 | July 31, 2000 | $14,472.92 |

11.     Notice and demand for payment of the assessments was given to Cariños Ambulance Service, Inc. in accordance with 26 U.S.C. § 6303.

12.     Statutory additions for interest and penalties have accrued and will continue to accrue on the assessments.

13.     Environmental Plastics has failed to pay the United States the full amount owed as a result of the assessments.

14.     By reason of the foregoing, Environmental Plastics is indebted to the United States for employment taxes for the third and fourth quarters of 1994, all quarters of 1995, the first and second quarters of 1996, the third and fourth quarters of 1998 and all quarters of 1999, and unemployment taxes for tax years 1994, 1995, 1998 and 1999, together with applicable penalties and interest, in the amount of $751,395.37 as of January 31, 2009, plus interest and costs that have accrued and will continue accruing according to law.

## COUNT II - FORECLOSURE OF FEDERAL TAX LIENS
## AGAINST THE REAL PROPERTY

15. The United States incorporates by reference the allegations set forth in paragraphs 1 through 14 above.

16. Environmental Plastics was the owner of the Real Property at the time the employment tax liabilities at issue accrued.

17. By reason of the tax, penalty and interest assessments described in paragraph 10 above, federal tax liens arose on the dates of the assessments and attached to all property and rights to property owned or thereafter acquired by Environmental Plastics.

18. The federal tax liens attached to the Real Property.

19. Notices of federal tax liens for the assessments described in paragraph 10 were filed on October 29, 1999, January 16, 2001, February 22, 2001, and November 2, 2001 at Section 2 of the Caguas Registry of Deeds.

20. At the time Environmental Plastics owned the Real Property, the Real Property was encumbered by a mortgage held by ENTEC Corporation ("ENTEC"). The mortgage note was recorded on March 10, 1999.

21. On August 20, 1999, ENTEC filed suit against Environmental Plastics, alleging that Environmental Plastics owed it $828,000 as of August 21, 1999.

22. On April 30, 2001, the Tribunal Superior de Puerto Rico, Sala Superior de Caguas ordered a public sale of the Real Property. The sale was conducted on May 7,

2002 by a marshal of the Puerto Rico Superior Court. Tommy O. Habibe, a representative of ENTEC, was the successful bidder.

23. On February 6, 2003, ENTEC made a motion in its lawsuit against Environmental Plastics entitled "Mocion Solicitando Cancelacion De Gravamenes Posteriores," asking the court to cancel all junior liens on the Real Property. The motion did not specifically identify the federal tax liens. The motion was never ruled on by the court. Neither the court, nor the Registry of Deeds cancelled the federal tax liens on the Real Property.

24. Neither the United States nor the Internal Revenue Service was named a party to ENTEC's lawsuit against Environmental Plastics or to any of the foreclosure proceedings.

25. ENTEC sold its interest in the Real Property to Rio Abajo Management Construction and Development Corp. This transfer was recorded with the Registry of Deeds, Caguas II, PR. This transfer is subject to the federal tax liens against Environmental Plastics.

26. The United States has valid and subsisting Federal tax liens against the Real Property.

27. The United States seeks to foreclose its Federal tax liens against the Real Property, a determination of the interests of the United States and each of the defendants in the Real Property, a sale of the Real Property free and clear of all interests of the defendants in this case, and an Order that the proceeds be distributed, first, to

pay the expenses of the sale; second, to satisfy any and all liens against the property according to their priority; and third, to Rio Abajo Management Construction and Development Corp.

WHEREFORE, the United States of America, respectfully prays for judgment as follows:

(a) As to Count I, that the Court grant judgment in favor of the United States and against Environmental Plastics in the amount of   in the amount of $751,395.37 as of January 31, 2009, together with all interest and penalties that have accrued and will continue accruing according to law;

(b) As to Count II, that the Court adjudge and decree that the United States has valid and subsisting liens against the real property by virtue that all conveyances of the Real Property were made subject to the federal tax liens; and that the Court order that the federal tax liens attaching to the Real Property be foreclosed, that the Real Property be sold, free and clear of any right, title, lien, claim, or interest of any of the defendants herein, and that the proceeds be distributed, first, to pay the expenses of the sale, second to satisfy any and all liens against the Real Property according to their priority as determined by the Court; and third, to Rio Abajo Management Construction and Development Corp.

(c) That the Court grant the United States such other relief as it deems just and proper.

DATE: May 15, 2009

                                                Respectfully submitted,

ROSA E. GONZALEZ VELEZ
United States Attorney

/s/ Ann E. Nash
ANN E. NASH
USDC PR- G00515
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6489/514-6866
Email: Ann.E.Nash@usdoj.gov